**UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

January 11, 2013

LETTER TO COUNSEL:

    RE:    *Lainie Mamidov v. Commissioner, Social Security Administration*;
             Civil No. SAG-10-3628

Dear Counsel:

    On December 27, 2010, the Plaintiff, Lainie Mamidov, petitioned this Court to review the Social Security Administration's final decision to deny her claim for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB"). I have considered the parties' cross-motions for summary judgment (ECF Nos. 17, 19) and find that no hearing is necessary. Local Rule 105.6 (D. Md. 2011). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *see Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will grant the Commissioner's motion and deny Plaintiff's motion. This letter explains my rationale.

    Ms. Mamidov filed her claim on May 17, 2007, alleging disability beginning on May 9, 2005. (Tr. 87-101).[1] Her claim was denied initially on September 4, 2007, and on reconsideration on January 23, 2008. (Tr. 48-52, 56-59). A hearing was held on October 22, 2008 before an Administrative Law Judge ("ALJ"). (Tr. 18-43). Following the hearing, on April 20, 2009, the ALJ determined that Ms. Mamidov was not disabled during the relevant time frame. (Tr. 5-17). The Appeals Council denied Ms. Mamidov's request for review, (Tr. 1-3), so the ALJ's decision constitutes the final, reviewable decision of the agency.

    The ALJ found that Ms. Mamidov suffered from one severe impairment, degenerative disc disease. (Tr. 11). Despite this impairment, the ALJ determined that Ms. Mamidov retained the residual functional capacity ("RFC") to:

> [P]erform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except that the claimant: is limited to occasional postural maneuvers, such as stooping and climbing stairs, but must avoid climbing ladders and scaffolds; must be afforded an option to sit and stand during

---

[1] Ms. Mamidov later amended her onset date to May 17, 2007. (Tr. 8, 86).

*Lainie Mamidov v. Commissioner, Social Security Administration*
Civil No. SAG-10-3628
January 11, 2013
Page 2

> the work day; is limited to occupations which can be performed with the use of a cane for ambulation; is limited to occupations which do not require exposure to dangerous machinery and heights; and is limited to work involving only understanding, remembering, and carrying out simple instructions.

(Tr. 12-17). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Ms. Mamidov could perform jobs that exist in significant numbers in the national economy, and that she therefore is not disabled. (Tr. 16-17).

On appeal, Ms. Mamidov argues that the ALJ erroneously relied upon the testimony of the VE for three reasons: (1) the ALJ's hypothetical question to the VE does not reflect her RFC; (2) the occupations identified by the VE are outside the range of work that she is capable of performing; and (3) the job identified by the VE, "office helper," actually appears in the Dictionary of Occupational Titles ("DOT") as an "addresser." Pl. Mot. 3-8. After a careful review of the ALJ's opinion and the evidence in the record, I find that Ms. Mamidov's three arguments lack merit.

Ms. Mamidov first argues that the ALJ presented an improper hypothetical to the VE, because the limitations posed in the hypothetical included fewer limitations than the ALJ ultimately found her to possess. Pl. Mot. 4-5. Specifically, she contends that the "lift and carry" and "stand and walk" limitations contained in the hypothetical exceeded the requirements of sedentary work that the ALJ limited her to in the RFC assessment. The ALJ is afforded "great latitude in posing hypothetical questions," *Koonce v. Apfel*, No. 98-1144, 1999 WL 7864, at *5 (4th Cir. Jan. 11, 1999), and need only pose those that are based on substantial evidence and accurately reflect a claimant's limitations. *See Copeland v. Bowen*, 861 F.2d 536, 540-41 (9th Cir. 1988). The ALJ's hypothetical to the VE adequately framed the issues in light of the RFC determination by the ALJ.

With respect to the standing and walking limitations, Ms. Mamidov's argument fails. In her hypothetical, the ALJ indicated that the individual could stand and walk "in excess of two hours . . . but less than six." (Tr. 39). Despite the fact that this exceeds the standing and walking limit for sedentary jobs, the VE responded with sedentary jobs that comport with the ALJ's RFC finding. Ms. Mamidov's objection to the "lift and carry" limitation is similarly deficient. Although the ALJ's hypothetical was inconsistent with the definition of sedentary work, the ALJ's statement appears to merely be a misstatement or misquotation. It is apparent from the VE's testimony that she understood what the ALJ intended to convey – that the lifting requirement was consistent with sedentary lifting restrictions. In response to the ALJ's hypothetical question, the VE testified that such an individual could perform work as a telephone information clerk and as an order clerk – both sedentary positions. (Tr. 39). Therefore, any error in the ALJ's phrasing of the hypothetical is harmless.

*Lainie Mamidov v. Commissioner, Social Security Administration*
Civil No. SAG-10-3628
January 11, 2013
Page 3

Second, Ms. Mamidov contends that the ALJ should not have relied on the jobs identified by the VE because they require a higher degree of reasoning ability than Ms. Mamidov possesses. Pl. Mot. 5-7. Specifically, Ms. Mamidov asserts that the identified positions of "office helper" and "order clerk," according to the DOT, require reasoning levels of two and three, respectively. *Id.* at 6-8. She submits that such reasoning levels are incompatible with the ALJ's finding that Ms. Mamidov only can perform work that involves understanding, remembering, and carrying out simple instructions. Ms. Mamidov urges, without citing any legal authority, that such work is categorized best, in DOT terms, as equivalent to a reasoning level of one. *Id.* at 7

Contrary to Ms. Mamidov's assertions, there is no direct correlation between a limitation to work that requires understanding, remembering, and carrying out simple instructions and the reasoning levels identified within the DOT job descriptions. The VE identified the jobs as unskilled, thus requiring little or no judgment to perform simple duties. 20 C.F.R. §§ 404.1568(a), 416.968(a). Other courts have consistently found that reasoning levels of two or three are consistent with limitations to simple instructions. *See Hynes v. Barnhart*, No. 04CV490SM, 2005 WL 1458747, at *5 (D.N.H. June 15, 2005) (explaining that reasoning level three requires the abilities typically possessed by a person who has completed the seventh or eighth grade); *see also Renfrow v. Astrue*, 496 F.3d 918, 921 (8th Cir. 2007) (finding no inconsistency between VE testimony and the DOT when the VE identified a job that required a reasoning level of three in response to a hypothetical that described an individual who was limited to following "simple, concrete instructions"); *see also Yates v. Astrue*, No. 1:09-cv-3394-PWG, 2012 WL 280528, at *2 (D. Md. Jan. 30, 2012) (finding evidence that plaintiff completed 11th grade and tested in the upper end of borderline intellect did not support her argument that she is limited to jobs with a reasoning level of two, but instead is capable of performing work at reasoning level three or four); *see also Fontz v. Astrue*, No. PWG-09-740, 2010 WL 2025565, at *2 (D. Md. May 19, 2010) (finding that an individual capable of level three reasoning is able to perform simple, unskilled work that requires "commonsense understanding to carry out instructions"). Ms. Mamidov has a tenth grade education, (Tr. 23), and previous experience managing a spa. (Tr. 24). Her argument that she is restricted to reasoning level one jobs is unsupported by the evidence.

Finally, Ms. Mamidov argues that the VE's testimony was incorrect because the VE confused "office helper" and "addresser" when she provided the incorrect DOT identifying number in her testimony. Pl. Mot. 8. This argument lacks merit. The VE expressly acknowledged that the job she referred to as "office helper" appeared in the DOT as an "addresser" and provided the precise DOT identifier to avoid any confusion. (Tr. 40). Thus, there is no ambiguity about which job the VE identified and, in any event, Ms. Mamidov has failed to demonstrate how this allegedly "confusing" testimony may have harmed her. In fact, Ms. Mamidov concedes that the distinction between the two jobs ("office helper" and "addresser") is irrelevant. Pl. Mot. 8. Accordingly, the ALJ's reliance on the VE's testimony was proper, as it is supported by substantial evidence.

*Lainie Mamidov v. Commissioner, Social Security Administration*
Civil No. SAG-10-3628
January 11, 2013
Page 4


For the reasons set forth herein, Plaintiff's motion for summary judgment (ECF No. 17) will be DENIED and Defendant's motion for summary judgment (ECF No. 19) will be GRANTED. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

Sincerely yours,


/s/


Stephanie A. Gallagher
United States Magistrate Judge